■ JEFFREY ROBINSON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. — Judgment, Supreme Court, New York County (P. P. E. Bookson, J.), entered August 19, 1983 in favor of plaintiff in the sum of $243,750, with interest and costs, making a total of $245,551.87, is modified, on the facts, to the extent that a new trial is ordered on the issue of the proportion of the culpable conduct attributable respectively to plaintiff and to defendants, unless within 20 days after service of the order determining this appeal plaintiff shall serve on defendants' attorney and file with the clerk of the trial court a stipulation consenting to reduce the verdict in plaintiff's favor to $130,000, with interest and costs, in which event, the judgment, as so amended, is affirmed; and the judgment is otherwise affirmed, without costs.

The judgment appealed from represents an attribution of comparative fault in the proportion of 25% to plaintiff and 75%

to defendants New York City Transit Authority and Metropolitan Transportation Authority. In our view, such an apportionment or attribution is contrary to the weight of the evidence and we cannot let a verdict based on that apportionment stand; in our view the most favorable (to plaintiff) apportionment of fault we could permit to stand is 60% of the fault attributable to plaintiff and 40% to defendants; and the amount of $130,000 referred to above represents such 60%-40% apportionment.

Plaintiff was severely injured when he came in contact with a subway train which had just started to move out of the Parsons Boulevard station in Queens about 4:00 A.M. on November 4, 1981. Plaintiff had drunk alcoholic beverages in Manhattan two or three hours earlier. He was accompanied by his girlfriend. They got out of the train at Parsons Boulevard and plaintiff was injured when he apparently staggered into the train after the train began to move. Plaintiff's version of the accident would concededly require dismissal. His testimony indicated that he was not intoxicated; he knew where he was; he testified from memory as to how the accident occurred; he was standing on his own two feet and was not falling. He said he was on the platform after having left the train; he was arguing with his girlfriend; he wanted to get back into the train; she was holding his hand to restrain him. Somehow or other he broke free, slipped and apparently stepped between the already moving train and the platform. Plaintiff's case, however, was saved by testimony on deposition of the train conductor who said that he saw plaintiff on the platform staggering and appearing intoxicated. Plaintiff was accompanied by a woman (his girlfriend) who was trying to help him; plaintiff was talking to his girlfriend and shouting. At one point, plaintiff was on the opposite side of the platform from the train. The conductor closed the doors of the train and gave the signal for the train to start moving. In the meantime he had lost sight of the plaintiff behind the staircase leading from the platform. Almost immediately after the train began to move, the conductor again saw the plaintiff who by this time appeared from behind the staircase and who had staggered back into the side of the moving train.

The claim of negligence on the part of defendants appears to us to be somewhat tenuous. An apparently intoxicated passenger had left the train and was on the platform being cared for by a woman friend who did not appear to be intoxicated. In those circumstances, what did a reasonable regard for the safety of the passenger require the conductor to do? Should he have held up the train from leaving the station until some other employee be summoned to assist the woman in taking care of the intoxicated

passenger — the woman not having requested any assistance? (If so, one wonders how many subway trains could leave the Times Square station in Manhattan on any evening between 8:00 P.M. and 4:00 A.M.) But assuming, as the jury apparently found on the Judge's submission of the question to the jury, that there was some negligence on the part of defendants, we think an apportionment of 75% of the negligence against defendants and only 25% against plaintiff was clearly against the weight of the evidence. Concur — Sullivan, Ross, Silverman and Bloom, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. To compare the situation of a subway train at the Times Square station during normal business hours with one in Queens at 4:00 A.M. is like comparing apples and oranges because they both have skins.

The jury determined that the conductor saw a situation inherently fraught with danger and obviously at 4 o'clock in the morning was not under a time pressure to evacuate the station. We should not be substituting our judgment for that of the jury.