■ SAMUEL L. JACKSON et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [642 NYS2d 7] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J.), entered March 23, 1994, which, upon jury verdict, awarded plaintiffs the principal sum of $540,000 in this personal injury action, unanimously affirmed, without costs.

Defendant's contention that the verdict was not supported by sufficient evidence is without merit, since there were valid lines of reasoning and permissible inferences that could lead to the conclusion reached by the jury on the basis of the evidence presented (*Nicastro v Park*, 113 AD2d 129, 132). Testimony indicated that it was Transit Authority policy for a conductor, before signaling the motorman to proceed, to look up and down the station platform to make sure that no one was caught in any of the train's doors. Passengers in the car plaintiff was attempting to exit testified that the door closed on plaintiff's foot, that plaintiff's other foot was on the platform, that they unsuccessfully tried to free the trapped foot and that the train then began to move out of the station. Under these circumstances, even though the conductor testified that he never saw plaintiff trapped in the door, the jury was entitled to conclude that the conductor negligently failed to see that which he should have seen (*see, Sappleton v Metropolitan Suburban Bus Auth.*, 140 AD2d 684, 685). We also reject defendant's argument that the verdict was against the weight of the evidence, since the verdict represented a fair interpretation of the evidence presented (*see, Nicastro v Park, supra*, at 134).

We find that the trial court did not improvidently exercise its discretion in imposing a $1,000 sanction against defendant's counsel. The transcript of the exchanges between the court and counsel sufficiently supports the court's finding of frivolous conduct (*see, Lynn v Barnes & Noble*, 189 AD2d 560). We note that counsel had been warned repeatedly that further dilatory behavior on his part would not be countenanced.

We have considered defendant's remaining contentions,

including that the award for pain and suffering was excessive, and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Kupferman, JJ.