■ LILLIAN SERIL, Individually and as Executrix of NATHAN SERIL, Deceased, Respondent, v BELNORD TENANTS ASSOCIATION, Also Known as BELNORD TENANTS IMPROVEMENT ASSOCIATION, et al., Respondents. SAUL RUDES, Nonparty Appellant. [651 NYS2d 522] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered May 31, 1996, which, insofar as appealed from, denied movant's application for compensation as a trustee or receiver and for attorneys' fees, unanimously affirmed, without costs.

While movant performed duties under 1984 court appointment that were essentially those of an administrator under RPAPL article 7-A, and, as such, more like those of a receiver than an escrow agent (*see, Mercer v 944 Marcy Ave. Holding Corp.*, 92 Misc 2d 564, 565-566), that he was not to be compensated like a receiver is demonstrated by the order of appointment itself, which characterized movant as an "escrowee" and made no provision for his compensation. Further, over the ten-year period movant's appointment was in effect, he never sought interim commissions, as is customary in receiverships (*see, New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses*, 151 AD2d 424, 426), but instead billed plaintiff landlord, his client throughout, for his services in administering the escrow account. Finally, we note that over the course of this ten-year period, movant represented plaintiff in various proceedings against defendants, in direct conflict with the fiduciary obligations of his alleged receivership (*see, Jamaica Sav. Bank v Florizal Realty Corp.*, 95 Misc 2d 654, 656-657), and that the representative sample of invoices provided by plaintiff demonstrates that plaintiff paid him adequate compensation for services in administering the escrow account. In view of the foregoing, movant is not entitled to attorneys' fees expended in connection with the settlement of his account. Concur—Wallach, J. P., Williams, Tom and Andrias, JJ.