■ In the Matter of the Arbitration between RACHEL's TROUSSEAU, INC., Petitioner, and WARSHAW WOOLEN ASSOCIATES, INC., Respondent. ALAN P. WEINTRAUB, Nonparty Appellant. [671 NYS2d 244] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered August 15, 1996, which, *inter alia*, granted respondent's cross motion for sanctions and directed that petitioner and its attorney pay respondent and its attorney $4,000 and pay the Lawyers' Fund for Client Protection $1,000, unanimously affirmed, with costs.

Sanctions were properly imposed in an appropriate amount for frivolous persistence in advancing a completely meritless argument, without regard for proper procedure (22 NYCRR 130-1.1 [c]). Petitioner's attorney was present at oral argument and had an opportunity to argue in opposition to the cross motion for sanctions (*see, Dubai Bank v Ayyub*, 187 AD2d 373). The transcript sets forth the objectionable conduct, the reason it was found to be frivolous and an explanation for the sanctions imposed (*see, Jackson v New York City Tr. Auth.*, 227 AD2d 181). Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY DAVIS, Appellant. [671 NYS2d 242] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered May 17, 1995, convicting defendant, after a jury trial, of robbery in the first degree and burglary in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues relating to the reliability of identification testimony were properly presented to the jury, and we see no reason to disturb its findings (*see, People v Gaimari*, 176 NY 84, 94).

Since defendant made no objection, or only a generalized objection, his present challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. Were we to review defendant's claims, we would find that the challenged remarks were fair comment. Although defendant's cross-examination and summation primarily focused on the accuracy of the identification, it nevertheless challenged the complainant's veracity as well, and thus, the prosecutor's brief discussion of credibility issues was appropriate (*People v Harvey*, 184 AD2d 311, *lv denied* 80 NY2d 904). Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Williams, JJ.