■ RUDOLPH O. COLLINS, Appellant, v STANLEY VICKERS, Respondent. [744 NYS2d 672] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered March 14, 2001, which dismissed the complaint against defendant in his capacity as court-appointed receiver of real property in foreclosure, which property prior to being taken in the foreclosure proceeding was owned by plaintiff, unanimously affirmed, without costs, and without prejudice to the timely filing of objections to the receiver's accounting, if said accounting has not already

been approved. Appeal from order, same court and Justice, entered on or about February 22, 2001, which granted defendant's motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

While the failure to seek permission to sue a receiver appointed in foreclosure proceedings is not a fatal jurisdictional error (*see, Copeland v Salomon*, 56 NY2d 222, 228), permission must still be obtained, even if nunc pro tunc (*see, Bankers Fed. Sav. v Off W. Broadway Devs.*, 227 AD2d 306). Plaintiff has offered no excuse for his failure to seek the requisite permission earlier, nor has he shown why the alternative offered by defendant, i.e., plaintiff's withdrawal of his lawsuit and filing of objections to defendant's receivership accounting, was not viable. Further, he has not offered any specifics as to why defendant's receivership was deficient. Under such circumstances, permission to sue defendant was properly denied.

Since the record is unclear as to whether the accounting was actually approved, our decision is without prejudice to the filing of timely objections to the accounting if court approval remains outstanding. Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.