■ JEREMY BREST, Respondent, v PETER KLEIDMAN, Appellant. [751 NYS2d 473] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 19, 2001, which, inter alia, granted plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously affirmed, without costs.

Relying on *Eikenberry v Adirondack Spring Water Co.* (65 NY2d 125), which permitted a lender to recover under the parties' original valid loan agreement even though two subsequent agreements extending the maturity date of the note were declared void for charging a civilly usurious rate of interest, the motion court properly rejected defendant's argument that the entire loan agreement between the parties should be declared void based upon a postdefault extension of the original loan, alleged by defendant to charge a criminally usurious rate of interest. The principle that an obligation valid at its inception is not invalidated or tainted with usury by a subsequent usurious transaction applies regardless of whether the subsequent transaction is civilly or criminally usurious. *Hammelburger v Foursome Inn Corp.* (54 NY2d 580), in which issues of fact were found as to whether the loan agreement there involved was criminally usurious from its inception, does not require a contrary conclusion. Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.