■ NONA LEWIS, Respondent, v PROGRESSIVE AGENCY, Appellant. [774 NYS2d 707]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered September 26, 2003, which granted plaintiff's posttrial motion to set aside the jury's verdict in favor of defendant as against the weight of the evidence and ordered a new trial, unanimously reversed, on the facts, without costs, plaintiff's motion denied and the jury's verdict in favor of defendant reinstated. The Clerk is directed to enter judgment accordingly.

A jury verdict in favor of a defendant should not be set aside as against the weight of the evidence unless the preponderance of the evidence in the plaintiff's favor is so great that the jury could not have reached the verdict in any fair interpretation of the evidence (*Jamal v New York City Health & Hosps. Corp.*, 280 AD2d 421 [2001]).

Given the conflicting testimony of the parties' medical experts as to the cause of decedent's injury, which occurred while she was in the care of a home health attendant employed by defendant, when coupled with testimony that no one saw the then-82-year-old decedent fall; that she was homebound, with limited movement or physical activity; that she suffered from osteoporosis; and that she showed no external indicia of trauma, the jury could fairly conclude that the hip fracture occurred spontaneously, as opined by defendant's expert, and was not caused by a fall or trauma, as opined by plaintiff's expert. Any

conflict as to causation, which plaintiff had the burden of proving, was for the jury to resolve in assessing all of the evidence as well as the credibility of the witnesses. Concur—Tom, J.P., Andrias, Ellerin and Gonzalez, JJ.