■ JESSE CINTRON, JR., an Infant, by His Father and Natural Guardian, JESSE CINTRON, SR., et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [798 NYS2d 385]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered January 21, 2004, which set aside a jury verdict finding defendant 70% culpable and the infant plaintiff 30% culpable and dismissed the complaint, unanimously reversed, on the law and the facts, without costs, the jury verdict as to liability reinstated and the matter remanded for a new trial on the issues of apportionment and damages unless plaintiff, within 30 days of service of a copy of this order, stipulates to an apportionment of 50%-50%, in which event the matter is remanded for a trial on damages only.

The jury's verdict on liability cannot be said to be irrational as a matter of law (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]), in light of evidence that the operator could have seen plaintiff in time to stop the train. Nor can it be said to be against the weight of the evidence (Lewis v Progressive Agency, 6 AD3d 293 [2004]; Jamal v New York City Health & Hosps. Corp., 280 AD2d 421, 422 [2001]). However, we believe that the jury's apportionment of liability is against the weight of the evidence and that our suggested reapportionment of liability more reasonably reflects the reality of the circumstances here (see Roseboro v New York City Tr. Auth., 10 AD3d 524 [2004]; Mena v New York City Tr. Auth., 238 AD2d 159 [1997]; Robinson v New York City Tr. Auth., 105 AD2d 614 [1984]). Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.