■ ALICE HUANG, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [853 NYS2d 60]—

A fair interpretation of the trial evidence supports the jury's finding that the subway conductor failed to comply with defendant's rules and regulations requiring a conductor to look

to the front and the back of the train while the doors are open, before signaling the motorman to proceed, and as the train begins to exit the station, and thus negligently failed to observe plaintiff, who had bent down beside the stopped train to retrieve a book she had dropped while exiting the train (see Jackson v New York City Tr. Auth., 227 AD2d 181 [1996]). When the train struck plaintiff in the head as it moved forward, she was spun around and her left leg got caught between the train and the platform. She was then dragged a considerable distance. The jury's finding that defendant was 100% liable was supported by a fair interpretation of the evidence, namely, that the accident could have been averted if the conductor had seen what there was to be seen, that plaintiff was near the train and that he should have waited before signaling the motorman to proceed (id.; Robinson v New York City Tr. Auth., 105 AD2d 614 [1984]).

Plaintiff's expert notice set forth in reasonable detail the subject matter and substance of the expert's anticipated testimony, in compliance with CPLR 3101 (d) (see Nedell v St. George's Golf & Country Club, 203 AD2d 121 [1994]). The expert's opinions regarding the speed of the train, the time it took to stop and the distance it traveled after striking plaintiff and before stopping, were founded upon information supplied by defendant's own investigative reports and other disclosed internal documents, together with the police report and deposition testimony of the witnesses (see generally Soto v New York City Tr. Auth., 6 NY3d 487, 493-494 [2006]). Contrary to defendant's contention, the expert did not introduce a new theory of liability, i.e., that the conductor had negligently delayed in activating the emergency brake. The police report, which indicated that plaintiff was dragged 40 feet by the train, was properly admitted into evidence under the business record exception through the testimony of the police sergeant who prepared the report, interviewed the witnesses, and recorded their statements (see Penn v Kirsh, 40 AD2d 814 [1972]). Ultimately, counsel for defendant conceded the accuracy of plaintiff's expert's testimony in his summation to the jury.

Defendant's argument that it was denied a fair trial when plaintiff's counsel, in violation of the attorney-client privilege and in front of the jury, questioned the conductor about communications he had had with defense counsel during a brief recess, and by certain remarks made by plaintiff's counsel in opening and closing, is not preserved for appellate review (see generally Califano v City of New York, 212 AD2d 146, 152-153 [1995]). In any event, defendant failed to meet its burden of

showing that it took every reasonable precaution to preserve the secrecy of the overheard communications, which were made in a small, busy courtroom (*see Doe v Poe*, 92 NY2d 864, 867 [1998]). Plaintiff's counsel's opening and closing remarks constituted either fair comment on the evidence or fair response to defendant's arguments, or are mischaracterized by defendant.

We find the damage awards for plaintiff's catastrophic injuries excessive only to the extent indicated (*see* CPLR 5501 [c]). We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.