■ Sigurd A. Sorenson, Appellant, v 257/117 Realty, LLC, et al., Respondents. [881 NYS2d 43]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 7, 2008, which granted defendants' motion for summary judgment dismissing the complaint, cancelled the notice of pendency, and imposed sanctions against plaintiff and his attorney in the amount of $2,500 each, and costs and attorneys' fees in the amount of $16,386, unanimously affirmed, without costs.

In this action alleging fraudulent conveyance, plaintiff failed to establish "actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors" (Debtor and Creditor Law § 276; *see P.A. Bldg. Co. v Elwyn D. Lieberman, Inc.*, 227 AD2d 277 [1996]; *O'Brien-Kreitzberg & Assoc. v K.P., Inc.*, 218 AD2d 519 [1995]). Inasmuch as the conveyance of the subject building was specifically subject

to plaintiff's rights in a related fraud action (*see Sorenson v Bridge Capital Corp.*, 52 AD3d 265 [2008], *appeal dismissed* 12 NY3d 748 [2009]), there was no showing of fraud or intent to defraud because the parties to the conveyance had taken steps to ensure that any potential judgment would be satisfied (*see Grace Plaza of Great Neck v Heitzler*, 2 AD3d 780 [2003]).

The claim under Debtor and Creditor Law § 273 of the statute was also properly dismissed as the building was transferred for "other good and valuable consideration," which included the cost of completion of the building, and the conveyance did not render defendants insolvent.

The notice of pendency was properly cancelled once the court determined that plaintiff's claims were baseless (*see Gallagher Removal Serv. v Duchnowski*, 179 AD2d 622, 623 [1992]). The lack of merit to this action warranted the court's imposition of sanctions, costs and attorney's fees (22 NYCRR 130-1.1).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Gonzalez, P.J., Mazzarelli, Buckley, Renwick and Abdus-Salaam, JJ.