◼ JANET CHANG, Individually and in the Right of 207 SECOND AVENUE REALTY CORP., Appellant, v MICHAEL G. ZAPSON, Respondent, et al., Defendant. GOLDEN CITY COMMERCIAL BANK, Plaintiff, v 207 SECOND AVENUE REALTY CORP., Appellant, et al., Defendant. MICHAEL G. ZAPSON, Nonparty Respondent. [890 NYS2d 463]—

Orders, Supreme Court, New York County (Milton A. Tingling, J.), entered April 3 and September 25, 2008, which respectively approved the successor temporary receiver's final accounting in this consolidated action and dismissed plaintiff Janet Chang's complaint alleging malfeasance against the successor temporary receiver, unanimously modified, on the facts, the award of fees to the receiver's attorneys vacated, the matter remanded for a hearing on the reasonable value of legal services rendered to the

receivership, and otherwise affirmed, with costs in favor of defendant Zapson, payable by Chang.

The plenary action, in which 50% owner Janet Chang alleged malfeasance against the successor temporary receiver, was properly dismissed because Chang had been denied leave of court to bring the action (*see Copeland v Salomon*, 56 NY2d 222, 228 [1982]; *Collins v Vickers*, 296 AD2d 320 [2002], *lv denied* 98 NY2d 615 [2002]), and was thus without legal capacity to file such a suit (CPLR 3211 [a] [3]). Dismissal was also appropriate because there was another action pending between these parties involving the same causes of action (CPLR 3211 [a] [4]). Chang's reliance on *San Ysidro Corp. v Robinow* (1 AD3d 185, 186 [1st Dept 2003]) is misplaced. In *San Ysidro*, we held that a summons with notice cannot suffice as a predicate for the "prior pending action" requirement of CPLR 3211 (a) (4). Such is not the case here where the "prior pending action" is the New York County action commenced years before Chang's Westchester filing of a summons with notice.

Having considered the evidence of record, including the papers submitted in support of the motion for an order settling the successor temporary receiver's final account, we reject Chang's contention that the commission awarded to the successor temporary receiver for the rents and profits of the subject premises in the underlying mortgage foreclosure actions was excessive. The commission paid was within the legal limit of no more than 5% of the amount collected and disbursed by the receiver (CPLR 8004 [a]), and was justified in light of the complexities of the receivership. The receiver rendered a proper accounting documenting his services in adequate detail (*see New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses*, 151 AD2d 424 [1989]).

The court properly determined that the successor temporary receiver was entitled to recover those attorney fees and costs incurred in retaining outside counsel starting in August 2004, which were based upon court orders expressly authorizing the retention of such counsel, and were undisputably supported by proper affidavits of services rendered.

We conclude, from this record, that the court was authorized to approve nunc pro tunc the appointment of outside counsel to assist the receiver from 1996 through 2002 (*see Bozewicz v Nash Metal Ware Co.*, 280 AD2d 443 [2001]). However, the court lacked adequate information from which to assess the value of the legal services rendered during that time (*see Bankers Fed. Sav. Bank v Off W. Broadway Devs.*, 224 AD2d 376 [1996]; *Matter of T. J. Ronan Paint Corp.*, 98 AD2d 413, 419-420 [1984]). A

hearing is necessary to determine whether the amount of fees paid by the receiver from 1996 through 2002 was reasonable in light of the legal services rendered. Concur—Sweeny, J.P., Buckley, Catterson, Acosta and Freedman, JJ.