OPINION OF THE COURT
Gary F. Marton, J.
This is a holdover proceeding brought to recover possession of a residential apartment. Petitioners allege that respondents are licensees; respondent Duwell Williams asserts that he is a tenant and moves for, among other things, dismissal.[1] As set out below, the motion is granted in part and denied in part.
The building in which the apartment is located is the subject of a mortgage foreclosure action.[2] That action was commenced and a receiver was appointed before the instant proceeding was brought. One of the petitioners herein is the lead defendant therein. So far as appears, a foreclosure sale has not occurred.
Respondent argues that petitioners lack standing, i.e., that they may not maintain this proceeding because the appointment of the receiver displaced them as landlords. Petitioners oppose on the ground that the receiver was appointed simply to collect rents and therefore that they may seek other relief in connection with the premises, i.e., to recover possession. Respondent replies that while the order appointing the receiver includes a decretal paragraph that provides only that the property’s owner shall “turn over to the Receiver all rents collected from and after the date of this Order,” the order also contains another paragraph that decrees explicitly “that all persons now or hereafter in possession of said Premises, or any part thereof... do forthwith surrender such possession to said Receiver.”
It is well established that petitioners might have sought from the mortgage foreclosure court leave to bring the instant proceeding. Had they done so, they might have obtained that *223 relief. (See e.g. Angel v Smith, 9 Ves Jr 335 [1804] [where the same was sought and granted].) But they did not. Not having done so, upon application to the appointing court, they might be held in contempt. (Chautauque County Bank v Risley, 19 NY 369, 376 [1859].)
It has also been long established that until there is an actual sale under a judgment of foreclosure, the owner/mortgagor retains the equity of redemption (see e.g. Tuthill v Tracy, 31 NY 157 [1865]). Accordingly, petitioners’ interest here is not speculative but real. Furthermore, the receiver’s appointment “stems not from statute but from the inherent powers of the Court of Chancery” (Copeland v Salomon, 56 NY2d 222, 227 [1982]). Therefore, petitioners’ failure to seek leave of the appointing court does not mandate dismissal of this holdover for their lack of standing or otherwise; respondent’s motion seeks relief residing in the court’s discretion and not available as a matter of right. (See e.g. Johnson v Smith, 297 NY 165 [1948], remittitur amended 297 NY 954 [1948], cert denied 335 US 824 [1948] [where the Court ruled that a sale of real estate by a county treasurer for unpaid taxes would not be set aside even though the real estate was held by a mortgage foreclosure receiver and even though the treasurer had not obtained leave of the foreclosure court].) The Court observed that “while propriety may suggest an application to the court before selling property possessed by a receiver, the failure to obtain leave neither defeats the action brought . . . nor invalidates the sale effected” (id. at 172).
In Copeland (supra) the Court confronted the dismissal of a personal injury action brought against a receiver without leave of the appointing court. The Court reversed, explaining that
“[t]he rule that leave of the appointing court be obtained before suing . . . was devised in order to protect the receiver and the estate against the harassment and expense of possibly unnecessary litigation and to preserve the estate in the hands of the receiver for the benefit of all creditors equally ... It arose also from the fact that, because the property is held by the receiver as an officer of the court, or as it sometimes said, as the hand of the court, interference with the property by the bringing of an action without leave may constitute contempt.” (56 NY2d at 228 [citations omitted].)
The Court held that, broadly speaking, there were three paths that might be followed, i.e.,
*224 “the defect not being jurisdictional, the court in which the action had been begun was free to consider it regular and permit it to continue subject to the later order of the appointing court or . . . stay the action pending an application to the appointing court for leave nunc pro tunc or . . . dismiss the action without prejudice to recommencement after such leave had been obtained, as appropriate in the particular case” (id. at 230 [citations omitted]).
Petitioners, if allowed to prosecute this proceeding to terminate an occupancy that generates income, very well might interfere with the receiver in the performance of his duties. Accordingly, the court declines to consider the proceeding regular and to permit it to continue subject to the later order of the appointing court.
Petitioners do not offer any good reason for not having sought leave of the appointing court before beginning the instant proceeding. They cannot, and do not, claim ignorance of that action for one of the petitioners herein is a defendant therein. Also, this proceeding was brought pursuant to RPAPL article 7; the legislature provided that proceedings such as this were to be summary. This court would ill serve that purpose were it to mark this proceeding off-calendar so that petitioners might move in the mortgage foreclosure for leave to proceed here nunc pro tunc and then, if and when petitioners were successful, wait for petitioners to move herein to restore this proceeding to this court’s calendar. Accordingly, and instead, this court dismisses the proceeding, but without prejudice to commencement of another proceeding upon securing the appropriate leave.
In addition to dismissal, respondent moves for costs and other monetary relief. However, respondent sets out neither a basis for the granting of the same nor the particulars thereof. Accordingly, the court denies respondent’s motion to this extent but without prejudice to renewal on appropriate papers.

. Before answering, respondent moved to dismiss. By a decision and order, the court invoked CPLR 3211 (c), notified the parties that it would treat the motion as one for summary judgment, and granted them time to submit additional papers.

. Flushing Sav. Bank, FSB v Claire Lawrence Pires, Sup Ct, Kings County, index No. 13911/10.