■ JOSHUA GUBERMAN, Appellant, v PAUL E. RUDDER, as Receiver, Respondent. [927 NYS2d 32]—

Judgment, Supreme Court, New York County (Laura E. Drager, J.), entered December 2, 2010, dismissing the complaint with prejudice and awarding defendants $10,000 as sanctions imposed against plaintiff, unanimously modified, on the law, to reduce the sanctions to $2,500, and remand for further proceedings, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 12, 2010, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, a prospective purchaser of real property, failed to obtain leave of court to sue defendant, the receiver of the property in the underlying action, to which plaintiff was not a party, for defendant's conduct in facilitating the sale of the property. Nonetheless, the rule requiring leave to sue a receiver is not statutory and does not affect the court's jurisdiction (*see Copeland v Salomon*, 56 NY2d 222, 230 [1982]).

However, dismissal of the complaint was warranted for lack of legal capacity under CPLR 3211 (a) (3), since a legal action filed against a receiver without leave of court cannot be maintained (*see Chang v Zapson*, 67 AD3d 435 [2009]) unless the court permits the action to be filed nunc pro tunc (*see Copeland* at 230), which was not the case here.

In any event, the complaint failed to state a cause of action. The breach of fiduciary duty claim fails since plaintiff did not allege the existence of a fiduciary relationship (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561-562 [2009]). His fraudulent misrepresentation claim fails since he did not allege that the misrepresentations were made with the intent to deceive him (*see Friedman v Anderson*, 23 AD3d 163, 167 [2005]). There was also nothing in the complaint asserting defendant either participated in or had knowledge of any alleged fraud (*see Handel v Bruder*, 209 AD2d 282, 282-283 [1994]).

The record supports the court's discretionary cancellation of the notice of pendency pursuant to CPLR 6514 (b), since the notice of pendency could not be maintained in the absence of a valid claim (*see Jericho Group Ltd. v Midtown Dev., L.P.*, 67 AD3d 431, 432 [2009], *lv denied* 14 NY3d 712 [2010]; *Sorenson v 257/117 Realty, LLC*, 62 AD3d 618, 619 [2009], *lv dismissed* 13 NY3d 935 [2010]).

We agree with the court that the commencement of the action, without the permission of the court, was frivolous and that sanctions were warranted (*see Matter of Rachel's Trousseau*

*[Warshaw Woolen Assoc.]*, 249 AD2d 148 [1998], *lv denied* 92 NY2d 810 [1998]; 22 NYCRR 130-1.1 [a]). The court sufficiently articulated the basis for its actions, and gave counsel and the plaintiff an opportunity, on the record, to explain their actions. We reduce the amount of the sanctions to $2,500 and remand for further proceedings in accordance with this opinion. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Richter, JJ.