Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 10, 2011, which, insofar as appealed from, granted the motion of nonparty Janet Chang for release of funds held by nonparty Michael G. Zapson as receiver, and, upon reargument and renewal, denied Zapson’s motion to settle his supplemental account for the period from August 7, 2007 through May 27, 2010 and to bring it current, unanimously modified, on the law, to give Zapson leave to pay nonparty Lawrence Mandelker $111,569.65 before releasing the remainder of the funds to Chang’s attorney, and otherwise affirmed, without costs.
Zapson was not entitled to commissions after August 6, 2007. An August 1, 2007 order states, “[T]he Receivership of Michael Zapson shall terminate upon delivery of the deeds in this action at the date of closing.” The closing took place on August 6 or 7, 2007. The August 2007 order also states, “[W]ithin sixty . . . days of closing, the Receiver shall account and shall seek an award of compensation for himself . . . and his attorneys.” Accordingly, at some point before September 23, 2008, Zapson moved for approval of his final account. In an order entered September 25, 2008, which we modified on other grounds (see Chang v Zapson, 67 AD3d 435 [1st Dept 2009]), the IAS court approved Zapson’s final accounting.
It is true that the September 2008 order states that, after making the payments authorized by that order, Zapson shall “retain the balance then remaining in his receivership account until [the appeal in Chang v Zapson] has been disposed of and until the further order of the Court.” However, this merely made Zapson effectively an escrow agent; it did not continue his receivership. Indeed, since the premises at issue had been purchased by a nonparty in August 2007, there was no need for Zapson to manage the building any further.
Mandelker is entitled to additional attorneys’ fees pursuant to law of the case. On August 19, 2004, the IAS court stated, “if there is a final determination in this case that there is no wrongdoing to how Mr. Zapson handled his affairs as a receiver, the fees to Mr. Mandelker will come out of whatever money is owed to Ms. Chang.” There was no final determination until March 16, 2010, when the IAS court held the hearing that this *405 Court had ordered in Chang (67 AD3d at 435-436). Hence, Zapson is given leave to pay Mandelker’s fees for the period from August 7, 2007 through March 16, 2010, except to the extent Mandelker seeks fees for submitting the final accounting (see Matter of Jakubowicz v A.C. Green Elec. Contrs., Inc., 25 AD3d 146, 151-152 [1st Dept 2005], lv denied 6 NY3d 706 [2006]). $29,365 of the fees and $654.40 of the disbursements sought by Mandelker post-date March 16, 2010. In addition, $1,585 in fees deals with the accounting, even though it predates March 16, 2010. Therefore, Zapson is given leave to pay Mandelker $111,569.65 (the $143,174.05 sought by Mandelker minus the $31,604.40 disallowed above).
The order appealed from directs Zapson to turn the funds over to Chang’s attorney, who “shall retain [them] in escrow pending receipt of general releases from each of the shareholders of 207 Second Avenue Realty Corp.” Thus, the distribution of the surplus is no concern of Zapson’s. Concur — Andrias, J.E, Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.