**21**  U.S. BANK, N.A., as Trustee for the REGISTERED HOLDERS OF ASSET-BACKED CERTIFICATES, SERIES 2005-HE4, Appellant, v ZIV BUKOBZA et al., Defendants, and SPEC-U VII, INC., Respondent. [39 NYS3d 171]—

In an action, inter alia, for declaratory and injunctive relief with respect to an unrecorded mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham,

J.), dated April 6, 2015, which granted the motion of the defendant Spec-U VII, Inc., in effect, to vacate a prior order of the same court (Partnow, J.), dated October 23, 2014, authorizing the entry of judgment against the defendant Spec-U VII, Inc., based on its default in answering, to permit Spec-U VII, Inc., to serve a late answer, and to cancel a notice of pendency filed by the plaintiff with regard to the subject real property.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in granting those branches of the motion of the defendant Spec-U VII, Inc. (hereinafter Spec-U), which were, in effect, to vacate its default and for leave to serve a late answer. In moving to vacate its default, Spec-U was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (*see Shin v ITCI, Inc.*, 115 AD3d 736, 737 [2014]; *People's United Bank v Latini Tuxedo Mgt., LLC*, 95 AD3d 1285, 1286 [2012]). Spec-U established a reasonable excuse for its failure to timely answer the complaint by providing a detailed and credible explanation of the law office failure which led to its default (*see* CPLR 2005; *Citicorp Trust Bank, FSB v Makkas*, 127 AD3d 907 [2015]; *Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557 [2014]; *Needleman v Tornheim*, 106 AD3d 707 [2013]). Moreover, Spec-U demonstrated the existence of a potentially meritorious defense to the action under New York's Recording Act (*see* Real Property Law § 291; *see generally Wachovia Bank, N.A. v Swenton*, 133 AD3d 846 [2015]; *Transland Assets, Inc. v Davis*, 29 AD3d 679 [2006]). Accordingly, the Supreme Court properly vacated the default and permitted service of a late answer.

Under the circumstances presented, the Supreme Court also providently exercised its discretion in cancelling the notice of pendency filed by the plaintiff with respect to the subject property (*see* CPLR 6514; *Guberman v Rudder*, 85 AD3d 683 [2011]; *Sorenson v 257/117 Realty, LLC*, 62 AD3d 618 [2009]).

The parties' remaining contentions either are without merit or need not be considered in view of the foregoing determination. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.