Alleviation Medical Services, P.C., as Assignee of Keeshan Harley, Respondent,
against
Hertz Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered February 25, 2015. The order denied defendant's motion to, among other things, vacate a prior order of the same court (Wavny Toussaint, J.) entered September 24, 2013 granting, on default, plaintiff's motion for summary judgment.




ORDERED that the order entered February 25, 2015 is reversed, with $30 costs, the branch of defendant's motion seeking to vacate the order entered September 24, 2013 is granted, plaintiff's motion for summary judgment is dismissed, plaintiff's action is permanently stayed, and the matter is remitted to the Civil Court for a determination of the remaining branches of defendant's motion.
Plaintiff Alleviation Medical Services, P.C. commenced this action on January 12, 2012 to recover assigned first-party no-fault benefits for services it had provided to its assignor, Keeshan Harley, as a result of injuries he had allegedly sustained in a motor vehicle accident on May 18, 2011. After issue was joined, plaintiff moved for summary judgment, and, by order entered September 24, 2013, its motion was granted on default. In November 2013, defendant Hertz Co. moved to, among other things, vacate the September 24, 2013 order and for sanctions. Defendant asserted that it had an excuse of law office failure for its default, in that its attorney was ill and the other attorney who was covering her appearance on plaintiff's motion was delayed due to an accident and missed the calendar call. Defendant contended that it also had a meritorious defense to the action, in that an order issued by the Supreme Court on April 30, 2013 in a declaratory judgment action granted defendant's motion for a default judgment and declared that defendant was not obligated to pay no-fault benefits to plaintiff, among other providers, for services arising out of the motor vehicle accident that had occurred on May 18, 2011 and involved Keeshan Harley. It is undisputed that the Supreme Court order had been served on plaintiff on July 16, 2013. By order entered February 25, 2015, the Civil Court denied defendant's motion on the ground that defendant had failed to establish a meritorious defense since it did not "annex the alleged order to its moving papers."
Defendant demonstrated that it had a reasonable excuse of law office failure for its default in appearing at the calendar call on plaintiff's motion for summary judgment (see CPLR 5015 [a]; 2005; U.S. Bank, N.A. v Bukobza, 142 AD3d 1070 [2016]; Needleman v Tornheim, 106 AD3d 707 [2013]; Atlantic Radiology Imaging, P.C. v Interboro Mut. Ins. Co., 52 Misc 3d 135[A], 2016 NY Slip Op 51031[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
With respect to a meritorious defense (see CPLR 5015 [a]), the doctrines of res judicata and collateral estoppel are designed to put an end to a matter once it has been duly decided (see [*2]Siegel, NY Prac § 442, at 772 [5th ed]). Res judicata, or claim preclusion, is invoked when a party seeks to relitigate a disposition on the merits of claims, or causes or action, arising out of the same transaction or a series of transactions which were raised or could have been raised in a prior litigation (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). It is well settled that default judgments can have res judicata effect (see Lazides v P & G Enters., 58 AD3d 607 [2009]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Here, in light of the Supreme Court's order declaring that defendant has no obligation to pay no-fault benefits to plaintiff, and that all no-fault lawsuits and claims by plaintiff are permanently stayed, of which order we take judicial notice (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]; Matter of Khatibi v Weill, 8 AD3d 485 [2004]; Matter of Allen v Strough, 301 AD2d 11 [2002]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), defendant has demonstrated that it possesses a meritorious defense to the action (see Omphil Care, Inc. v Hertz Co., 48 Misc 3d 131[A], 2015 NY Slip Op 51052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the order entered February 25, 2015 is reversed, the branch of defendant's motion seeking to vacate the order entered September 24, 2013 is granted, plaintiff's motion for summary judgment is dismissed, plaintiff's action is permanently stayed, and the matter is remitted to the Civil Court for a determination of the remaining branches of defendant's motion.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: February 08, 2017