McKiernan v Vaccaro (2019 NY Slip Op 00266)





McKiernan v Vaccaro


2019 NY Slip Op 00266


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-10166
 (Index No. 796/14)

[*1]Peter G. McKiernan, appellant, 
v
Joseph Vaccaro, etc., et al., defendants, Ernest Mancuso, Jr., respondent.


Peter G. McKiernan, White Plains, NY, appellant pro se.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered August 6, 2015. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Ernest Mancuso, Jr., and granted that defendant's cross motion pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of his answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, proceeding pro se, commenced this personal injury action by filing a summons with notice. According to an affidavit of service, the defendant Ernest Mancuso, Jr., was served by personal delivery of the summons with notice on April 19, 2014. On July 14, 2014, the plaintiff's complaint was served on Mancuso by regular mail to the office of Mancuso's counsel. As the complaint was served by mail, Mancuso had five additional days to serve an answer (see CPLR 2103[b][2]). Therefore, in order to avoid a default, Mancuso was required to serve his answer on or before August 8, 2014. On or about September 11, 2014, Mancuso served a late answer, which the plaintiff rejected as untimely.
Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against Mancuso. Mancuso cross-moved pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. The Supreme Court denied that branch of the plaintiff's motion which was for leave to enter a default judgment against Mancuso and granted Mancuso's cross motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of his motion which was for leave to enter a default judgment against Mancuso and in granting Mancuso's cross motion pursuant to CPLR 3012(d) to compel the plaintiff to accept the late answer. Mancuso demonstrated a reasonable excuse for the delay in answering the complaint based on law office failure and a potentially meritorious defense to the action (see CPLR 2005; U.S. Bank, N.A. v Bukobza, 142 AD3d 1070; Green Apple Mgt. Corp. v Aronis, 55 AD3d 669). In addition, the plaintiff failed to demonstrate prejudice from Mancuso's delay in answering the complaint, and public policy favors the resolution of cases on the merits (see Peg Bandwidth, LLC v Optical Communications, 150 AD3d 625, 626; Josovich v Ceylan, 133 AD3d [*2]570, 571; Westchester Med. Ctr. v Hartford Cas. Ins. Co., 58 AD3d 832, 833).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court