Shahid v MHANY Mgt., Inc. (2020 NY Slip Op 00449)





Shahid v MHANY Mgt., Inc.


2020 NY Slip Op 00449


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-12382
 (Index No. 3217/17)

[*1]Abdus Shahid, appellant,
v
MHANY Management, Inc., respondent.


Abdus Shahid, Brooklyn, NY, appellant pro se.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Brian Pete of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated August 8, 2018. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff is the owner of a building located in Brooklyn (hereinafter the premises). In October 2017, the Civil Court, Kings County, Housing Part (hereinafter the Housing Court), appointed the defendant as the administrator of the premises pursuant to RPAPL 778. In December 2017, the plaintiff commenced the instant action in the Supreme Court, Kings County, against the defendant alleging, inter alia, that the defendant intentionally destroyed certain property on the premises. Prior to answering, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint upon the ground, among others, that the plaintiff failed to obtain the required leave of court before commencing the action. The Supreme Court granted the defendant's motion. The plaintiff appeals, and we affirm.
The role of an RPAPL article 7-A administrator is closely related to that of a receiver (see Seril v Belnord Tenants Assn., 235 AD2d 214, 214; Abdul v Hirschfield, 21 Misc 3d 764, 772 [Sup Ct, Kings County], mod 71 AD3d 707; Mercer v 944 Marcy Ave. Holding Corp., 92 Misc 2d 564, 565-566 [Civ Ct, Kings County]). Permission of the appointing court is generally required before commencing an action against an administrator (see Copeland v Salomon, 56 NY2d 222, 228). However, "[p]ermission from the appointing court [is] a condition precedent to suit and not a jurisdictional predicate without which a suit must be dismissed" (Independence Sav. Bank v Triz Realty Corp., 100 AD2d 613, 614; see Copeland v Salomon, 56 NY2d at 228). Accordingly, there are three alternatives that a court may follow when an action against a receiver or administrator is commenced without permission from the appointing court: (1) "the court in which the action had been begun was free to consider it regular and permit it to continue subject to the later order of the appointing court"; (2) the action may be stayed "pending an application to the appointing court for leave nunc pro tunc"; or (3) the action may be dismissed "without prejudice to recommencement [*2]after such leave had been obtained" (Copeland v Salomon, 56 NY2d at 230; see Independence Sav. Bank v Triz Realty Corp., 100 AD2d at 614; Pires v Williams, 32 Misc 3d 221, 223-224 [Civ Ct, Kings County]).
Here, the plaintiff did not obtain permission from the Housing Court prior to commencing this action, nor did he seek permission nunc pro tunc. Under the circumstances, the Supreme Court did not improvidently exercise its discretion in directing dismissal of the instant action, although it was not required to do so (see Copeland v Salomon, 56 NY2d at 230; Guberman v Rudder, 85 AD3d 683, 684; Chang v Zapson, 67 AD3d 435, 435). Among other reasons, the record reflects that many of the issues raised in the complaint in the instant action were simultaneously raised by the plaintiff in a motion before the Housing Court to remove the defendant as administrator. Contrary to the plaintiff's contention, whether the Housing Court would ultimately have subject matter jurisdiction over the plaintiff's claims is irrelevant to whether he is required to obtain permission from the Housing Court in order to maintain an action against the administrator (see Independence Sav. Bank v Triz Realty Corp., 100 AD2d at 614).
We reject the defendant's contention that this appeal was untimely perfected, as this Court provided the plaintiff with an extension of time to perfect the appeal, and he did so within the time allotted.
In light of our determination, we need not reach the parties' remaining contentions.
MASTRO, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court