Welz v Brown (2024 NY Slip Op 03021)

Welz v Brown

2024 NY Slip Op 03021

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Index No. 151408/21 Appeal No. 2423 Case No. 2023-02962 

[*1]Theodore Welz et al., Appellants,
v
Ailene Brown, Respondent, SN Funding LLC, et al. Defendants.

Rosenberg & Estis, P.C., New York (Christopher A. Gorman of counsel), for appellants,
Fidelity National Law Group, New York (David J. Wolkenstein of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about February 24, 2023, which granted defendant Ailene Brown's motion to dismiss the complaint as time-barred and for failure to state a cause of action, and denied plaintiffs' cross-motion for default judgments against the non-answering defendants, unanimously affirmed, without costs.
According to the complaint, plaintiff Theodore Welz was in the business of acquiring and disposing of real property. In early 2017, he formed 571 Acad 3C, LLC (571 Acad) for the purpose of purchasing the property, a condominium unit located at 571 Academy Street, Unit 3C, New York, NY, 10034. 571 Acad took title to the property on July 27, 2017. On or about November 29, 2017, Welz borrowed $200,000 from SN Funding LLC, (SNF), in exchange for providing SNF with a deed to the property, as well as pledging his 100% interest in 571 Acad as security for the loan (the Loan). Welz and SNF modified the Loan, increasing the principal amount and extending the maturity date. The complaint does not allege that either the original loan or the first modification were at a usurious rate of interest. The parties modified the Loan again on October 18, 2018, increasing the principal to $285,666.50, extending the maturity date three months to January 31, 2019, and increasing the interest rate to 2.75% per month, annualized to 33% (the Modification).
Welz purportedly defaulted on the Loan, and on March 6, 2019, SNF recorded the deed to the property transferring title from 571 Acad to SNF. SNF subsequently sold the property to Brown.
In February 2021, plaintiffs commenced the instant action alleging that the Modification was criminally usurious and thus the loan was void ab initio. Brown moved to dismiss, asserting, among other things, that the action was time-barred.
While a loan usurious at its inception is void and unenforceable (see Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 324 [2021]), an "obligation valid at its inception is not invalidated or tainted with usury by a subsequent usurious transaction" (Brest v Kleidman, 300 AD2d 133, 133 [1st Dept 2002], lv dismissed 99 NY2d 642 [2003]; see also Dichter v Viking Off. Prods., 119 AD2d 794, 795 [2d Dept 1986]; Eikenberry v Adirondack Spring Water Co., 65 NY2d 125, 129-130 [1985]). The invalidity of the final modification does not extinguish the borrower's liability under the original contract and cannot taint the original agreement regardless of whether the usury is criminal or civil (Eikenberry, 65 NY2d at 129, Brest, 300 AD2d at 133).
Consequently, the motion court properly granted Brown's motion to dismiss the complaint on the ground that the action was barred by the one-year statute of limitations applicable to usury actions (CPLR 215[6]). The limitations period began running upon the date the property was delivered pursuant to the usurious transaction, on or about March 6, 2019 (Mill St. Realty v Reineke, 159 AD2d 494 [2d Dept 1990]). As the instant [*2]action to have the deed declared void and for the return of the real property was commenced more than one year after the date of the delivery of the deed to SNF, it is time barred. The notice of pendency was thus subject to cancelation (Sorenson v 257/117 Realty, LLC, 62 AD3d 618, 619 [1st Dept 2009], lv dismissed 13 NY3d 935 [2010]; CPLR 6514[a]).
The motion court properly denied plaintiffs' cross-motion for default judgments against the non-answering defendants. "CPLR 3215 does not contemplate that default judgments are to be rubber stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (Guzetti v City of New York, 32 AD3d 234, 235 [1st Dept 2006]). Here, neither the complaint nor plaintiffs' cross-motion papers include a copy of the allegedly usurious note, which would at a minimum be "proof of the facts constituting the claim" (CPLR 3215[f]).
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024