Herman v Herman (2024 NY Slip Op 06007)

Herman v Herman

2024 NY Slip Op 06007

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 650205/11 Appeal No. 3156 Case No. 2023-05703 

[*1]Rosemarie A. Herman et al., Plaintiffs-Respondents,
v
Julian Maurice Herman, Defendant-Appellant, J. Maurice Herman etc., et al. Defendants.

Allegaert Berger & Vogel LLP, New York (David A. Berger of counsel), for appellant.
Jaspan Schlesinger Narendran LLP, Garden City (Gayle S. Gerson of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 12, 2023, which, to the extent appealed from, granted in part plaintiffs' motion for contempt of a prior order that required appellant to seek leave of court prior to bringing any action against the court-appointed temporary trustee, unanimously affirmed, with costs.
On a motion for contempt for failure to seek leave of court prior to suing a court-appointed fiduciary, the appointing court may forgo contempt sanctions, and simply make a determination as to whether or not to grant leave for the suit nunc pro tunc (see Copeland v Salomon, 56 NY2d 222, 230 [1982]). Here, the court declined to issue sanctions, but providently denied leave nunc pro tunc based on a review of the merits of appellant's actions against the temporary trustee.
Contrary to appellant's contention, the 2013 order unambiguously required him to obtain leave of court prior to commencing the actions against the temporary trustee.
Moreover, while appellant was not held in contempt, he was aggrieved by the order to the extent it denied him leave nunc pro tunc to proceed with the actions against the temporary trustee (compare Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 801, 801-802 [2d Dept 2012], appeal dismissed 19 NY3d 1083 [2012]).
The failure to obtain leave can be waived by a party. However, it cannot be a basis for waiver or estoppel against the appointing court (see Collins v Vickers, 296 AD2d 320, 321 [1st Dept 2002]).
Contrary to appellant's arguments, the court's enforcement of the unambiguous terms of the 2013 order did not modify the order.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024