■ POLITICAL MARKETING, INT'L, INC., Respondent, v MICHAEL JALIMAN, Appellant. [888 NYS2d 552]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 25, 2008, which denied his motion, in effect, to vacate a prior order of the same court dated January 4, 2008, granting the plaintiff's motion for summary judgment on the complaint upon his default in opposing, and upon vacatur, to deny the plaintiff's motion for summary judgment.

Ordered that the order dated March 25, 2008 is reversed, on the law and in the exercise of discretion, with costs, the defendant's motion is granted, the order dated January 4, 2008 is vacated, and the plaintiff's motion for summary judgment on the complaint is denied.

A defendant seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a meritorious defense to the action (see CPLR 5015 [a] [1]; Waste Mgt. of N.Y., Inc. v Bedford-Stuyvesant Restoration Corp., 13 AD3d 362 [2004]; Greenpoint Sav. Bank v Hill, 228 AD2d 412 [1996]). The defendant demon-

strated a reasonable excuse for his default by showing that the default resulted from documented law office failure (*see* CPLR 2005; *Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp.*, 45 AD3d 634, 636 [2007]). He also established the existence of a meritorious defense (*see Bergen v 791 Park Ave. Corp.*, 162 AD2d 330, 331 [1990]; *see also Busone v Bellevue Maternity Hosp.*, 266 AD2d 665, 667 [1999]; *Winney v County of Saratoga*, 252 AD2d 882, 884 [1998]), by setting forth facts sufficient to make out a prima facie showing that it was his campaign committee, and not him, which contracted with the plaintiff for the services in question, and that he did not assume his campaign committee's debt to the plaintiff (*see* General Obligations Law § 5-701 [a] [2]). Accordingly, and as the defendant also established the existence of a triable issue of fact constituting a meritorious opposition to the plaintiff's motion for summary judgment, his motion should have been granted and the plaintiff's motion for summary judgment should have been denied (*see Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389 [2008]). Covello, J.P., Santucci, Chambers and Lott, JJ., concur.