■ WINTHROP UNIVERSITY HOSPITAL, Appellant, v METROPOLITAN SUBURBAN BUS AUTHORITY, Respondent. [910 NYS2d 159]—In an action to recover no-fault medical benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated November 2, 2009, which granted the defendant's motion to vacate a judgment of the same court dated August 3, 2009, which, upon the defendant's default in opposing its motion for summary judgment on the complaint, was in favor of it and against the defendant in the principal sum of $47,069.48.

Ordered that the order is affirmed, with costs.

In order to vacate its default in opposing the plaintiff's motion for summary judgment, the defendant was required to demonstrate both a reasonable excuse for its default and a potentially meritorious defense (*see Zanani v Schvimmer*, 75 AD3d 546, 547 [2010]; *Hospital for Joint Diseases v Dollar Rent A Car*, 25 AD3d 534 [2006]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Costanza v Gold*, 12 AD3d 551, 552 [2004]; *Czarnik v Urban*, 10 AD3d 627 [2004]). The determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]), and the court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005). Here, the defendant's claim of law office failure was supported by "detailed and credible" explanations of the default (*Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *see Gironda v Katzen*, 19 AD3d 644, 645 [2005]), and the Supreme Court providently exercised its discretion in accepting those explanations. Moreover, the defendant demonstrated the existence of a potentially meritorious defense, the period of time between the date of the default and the date of the defendant's motion to vacate was relatively brief, and there was no evidence that the plaintiff would be prejudiced by vacating the default. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.