██ REMOTE METER TECHNOLOGY OF NY, INC., Respondent, v ARIS REALTY CORP. et al., Appellants. [922 NYS2d 440]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), dated February 22, 2010, which granted the plaintiff's motion for leave to enter a default judgment against them and set the matter down for an inquest on damages, and denied their cross motion to vacate a prior order of the same court dated October 29, 2009, granting the plaintiff's unopposed motion pursuant to CPLR 3126 to strike their answer for failure to provide discovery.

Ordered that the order dated February 22, 2010, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter a default judgment against the defendants is denied, and the defendants' cross motion to vacate the order dated October 29, 2009, is granted.

The plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract. Issue was joined by the service of an answer on or about March 27, 2008. In an order dated October 30, 2008, the Supreme Court denied the plaintiff's motion for summary judgment, finding that there were issues of fact that required a trial. In an order dated October 29, 2009, the Supreme Court granted the plaintiff's unopposed motion to strike the defendants' answer based on the defendants' failure to provide discovery. The plaintiff then moved for leave to enter a default judgment, and the defendants cross-moved to vacate the October 29, 2009, order on the ground of excusable default. In a supporting affirmation, the defendants' attorney explained that it had been impossible for his office to comply with the plaintiff's discovery demands because there had been a large fire in his office building that prevented him from accessing his files for months. The defendants' attorney further explained that he had appeared in court on behalf of the defendants on the return date of the plaintiff's motion to strike the answer, at which time he had a discussion with the plaintiff's attorney in which he represented that he would provide responses to the discovery demands within the next few weeks. The defendants' attorney asserted that it was his understanding that this would resolve the motion to strike the answer, and he agreed that the plaintiff could enter a conditional order. The defendants' attorney stated that he did not know that the plaintiff was going to submit the motion to strike without opposition.

In order to vacate their default in opposing the motion to strike the answer, the defendants were required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617 [2011]; *Campbell-Jarvis v Alves*, 68 AD3d 701, 702 [2009]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). The determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]), and the court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005) where the claim of law office failure is supported by a "detailed and credible" explanation of the default or defaults at issue (*Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *see Gironda v Katzen*, 19 AD3d 644, 645 [2005]). Here, defense counsel provided a detailed and credible explanation for his failure to submit opposition papers on the return date of the plaintiff's motion to strike the answer, and the defendants demonstrated a potentially meritorious opposition to the motion to strike the answer. Accordingly, it was an improvident exercise of discretion for the Supreme Court to grant the plaintiff's motion for leave to enter a default judgment, and to deny the defendants' cross motion to vacate the prior order entered upon their default. Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.