630

■ Leon Kohn, Appellant, v Relli Kohn, Respondent. [928 NYS2d 55]—

To vacate her default in opposing the plaintiff's motion, the defendant was required to demonstrate both a reasonable excuse for her default and a potentially meritorious opposition (*see Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030 [2011]; *Bazoyah v Herschitz*, 79 AD3d 1081 [2010]). A motion to vacate a default is addressed to the sound discretion of the Supreme Court (*see Dimitriadis v Visiting Nurse Serv. of N.Y.*, 84 AD3d 1150 [2011]). The Supreme Court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), where the claim of law office failure is supported by a "detailed and credible" explanation of the default (*see Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030 [2011]; *Winthrop Univ. Hosp. v Metropolitan Suburban Bus Auth.*, 78 AD3d 685, 686 [2010]). Here, the defendant's claim of law office failure was supported by a "detailed and credible" explanation of the default, and the Supreme Court providently exercised its discretion in accepting that explanation. Moreover, the defendant demonstrated the existence of a potentially meritorious opposition to the plaintiff's motion.

Furthermore, the defendant demonstrated her entitlement to the subject interest and, thus, upon vacating the defendant's default, the Supreme Court properly granted that branch of the defendant's motion which was to direct that the subject interest be paid to her (*see* CPLR 5002; *Aloi v Simoni*, 82 AD3d 683, 686 [2011]; *Bartek v Draper*, 309 AD2d 825, 826 [2003]).

The defendant's request for the counsel fees incurred in connection with the defense of this appeal is not properly before this Court (*see Taft v Taft*, 135 AD2d 809, 810 [1987]), and is properly addressed in the first instance to the Supreme Court (*see Kane v Rudansky*, 309 AD2d 785 [2003]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.