■ STACEY CHERY, Appellant, v KEVAUGHN CASTELLO et al., Defendants, and RONNIE THORNTON, Respondent. [927 NYS2d 677]—

The plaintiff demonstrated a reasonable excuse for her failure to oppose the motion of the defendant Ronnie Thornton for summary judgment dismissing the complaint insofar as asserted against her (*see* CPLR 5015 [a] [1]; *Political Mktg., Int'l, Inc. v Jaliman*, 67 AD3d 661 [2009]; *cf. Felder v New York City Tr. Auth.*, 238 AD2d 543 [1997]; *Krystofic v Rapisardi*, 112 AD2d 196, 196-197 [1985]). The plaintiff also "established the existence of a triable issue of fact constituting a meritorious opposition to" Thornton's motion (*Political Mktg., Int'l., Inc. v Jali-*

*man*, 67 AD3d at 662; *see* CPLR 5015 [a] [1]). The plaintiff provided competent medical evidence establishing that the alleged injuries to the lumbar region of her spine constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). She also provided a reasonable explanation for a cessation of medical treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Abdelaziz v Fazel*, 78 AD3d 1086 [2010]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate so much of the order dated October 29, 2009, as granted Thornton's motion for summary judgment, should have vacated so much of that order as granted Thornton's motion for summary judgment, and thereupon should have denied Thornton's motion (*see Political Mktg., Int'l., Inc. v Jaliman*, 67 AD3d at 661). Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.