■ Kun Sik Kim, Respondent, v State Street Hospitality, LLC, et al., Appellants, and Dan's Hauling & Demo, Inc., Respondent. [941 NYS2d 272]—

In an action to recover damages for personal injuries, the defendants State Street Hospitality, LLC, Nytex Development, Inc., and Martin Environmental Services, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated November 24, 2010, as denied that branch of their motion which was denominated as one for

leave to renew the prior motion of the defendant Dan's Hauling & Demo, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against that defendant, which had been granted in an order of the same court dated September 20, 2010, but which was, in actuality, to vacate their default in opposing that prior motion and for leave to submit opposition papers to the prior motion, and denied those branches of their motion which were to strike the action from the trial calendar and to compel further discovery.

Ordered that the order dated November 24, 2010, is affirmed insofar as appealed from, with one bill of costs.

That branch of the appellants' motion which was denominated as one for leave to renew the prior motion of the defendant Dan's Hauling & Demo, Inc. (hereinafter Dan's Hauling), for summary judgment dismissing the complaint and all cross claims insofar as asserted against that defendant, was, in actuality, to vacate their default in opposing that prior motion (*see* CPLR 2221 [a]) and for leave to submit opposition papers to the prior motion. As the Supreme Court determined, the evidence submitted in support of the appellants' motion established a reasonable excuse for their failure to oppose the prior motion. Nonetheless, as the Supreme Court properly determined, the appellants' submissions failed to establish the existence of a potentially meritorious opposition to the prior motion (*see Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]; *cf. Kohn v Kohn*, 86 AD3d 630 [2011]). The new documents proffered by the appellants simply showed that Dan's Hauling subcontracted with the plaintiff's employer some time after the plaintiff allegedly was injured. That evidence was not sufficient to defeat the motion of Dan's Hauling for summary judgment. Further, as the Supreme Court correctly determined, the appellants' mere hope and speculation that further discovery would lead to evidence sufficient to defeat that prior motion was insufficient (*see Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying those branches of the appellants' motion which were, in effect, to vacate their default in opposing the prior motion and for leave to submit opposition papers to the prior motion, and to strike the action from the trial calendar and to compel further discovery. Balkin, J.P., Belen, Hall and Miller, JJ., concur. **[Prior Case History: 29 Misc 3d 1212(A), 2010 NY Slip Op 51803(U).]**