In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered November 18, 2010, which denied her motion pursuant to CPLR 5015 (a) to vacate a prior order of the same court dated February 19, 2010, granting the defendants’ motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), upon her default in opposing the motion.
Ordered that the order entered November 18, 2010 is affirmed, with costs.
As argued by the plaintiff, and conceded by the defendants, *1030 the Supreme Court erred in denying the plaintiffs motion pursuant to CPLR 5015 (a) to vacate a prior order dated February 19, 2010, granting the defendants’ motion for summary judgment dismissing the complaint upon the plaintiffs default in opposing the motion, on the procedural ground that the plaintiffs motion should have been made by order to show cause and not by notice of motion. However, upon reviewing the merits of the plaintiffs motion in the interest of judicial economy, we nevertheless affirm the order on different grounds.
To vacate her default in opposing the defendants’ motion for summary judgment dismissing the complaint, the plaintiff was required to demonstrate both a reasonable excuse for her default and a potentially meritorious opposition (see Kohn v Kohn, 86 AD3d 630, 630 [2011]; Remote Meter Tech. of NY, Inc. v Arts Realty Corp., 83 AD3d 1030, 1032 [2011]; Bazoyah v Herschitz, 79 AD3d 1081, 1081 [2010]). A motion to vacate a default is addressed to the sound discretion of the court (see Kohn v Kohn, 86 AD3d at 630; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150, 1150 [2011]). The court “has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), where the claim of law office failure is supported by a ‘detailed and credible’ explanation of the default” (Kohn v Kohn, 86 AD3d at 630; see Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d at 1032; Winthrop Univ. Hosp. v Metropolitan Suburban Bus Auth., 78 AD3d 685, 686 [2010]). Mere neglect is not accepted as a reasonable excuse (see Morales v Perfect Dental, P.C., 73 AD3d 877, 878 [2010]). Here, the plaintiff did not adequately detail and substantiate the alleged law office failure which resulted in her failure to serve her opposition papers on the defendants pursuant to the parties’ stipulation dated October 9, 2009. Thus, the plaintiff failed to demonstrate a reasonable excuse for her default in opposing the motion (see Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992 [2011]). Accordingly, she was not entitled to vacatur of the order dated February 19, 2010, granting the defendants’ motion for summary judgment dismissing the complaint, upon her default in opposing the motion. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.