■ HSBC Bank USA, National Association, Respondent, v Aaron Wider, Appellant, et al., Defendant. [955 NYS2d 202]—

The plaintiff (hereinafter the bank) commenced this action against, among others, the appellant (hereinafter the homeowner) to foreclose a mortgage. The bank moved, inter alia, for summary judgment dismissing the answer. The homeowner failed to oppose the motion, and the Supreme Court granted that branch of the bank's motion upon the homeowner's default.

More than two years later, the homeowner moved, in effect, to vacate so much of the order dated September 9, 2008, as granted that branch of the bank's motion which was for summary judgment dismissing his answer. In the order appealed from, the Supreme Court denied the homeowner's motion.

To vacate his default in opposing that branch of the bank's motion which was for summary judgment, the homeowner was required to demonstrate a reasonable excuse for failing to oppose the motion and a potentially meritorious opposition to that branch of the bank's motion which was for summary judgment (*see Strunk v Revenge Cab Corp.*, 98 AD3d 1029, 1030 [2012]; *Tsikotis v Pioneer Bldg. Corp.*, 96 AD3d 936, 936 [2012]). Since the homeowner failed to demonstrate a potentially meritorious opposition to that branch of the bank's motion which was for summary judgment (*see e.g. Capital One, N.A. v Knollwood Props. II, LLC*, 98 AD3d 707, 707-708 [2012]; *U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 724 [2011]), the Supreme Court properly denied the homeowner's motion, in effect, to vacate his default, regardless of the homeowner's reasons for failing to oppose the bank's motion (*see Pape v Daino*, 60 AD3d 654, 654 [2009]; *Oyebola v Makuch*, 10 AD3d 600, 601 [2004]).

The homeowner's remaining contention is not properly before this Court. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.