■ TERRELL AMBROSE, Respondent, v PALMO BUS CORP. et al., Appellants. [957 NYS2d 871]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Martin, J.), dated December 22, 2011, which granted the plaintiff's motion pursuant to CPLR 5015 (a) (1) to vacate a prior order of the same court dated January 28, 2011, granting their unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and thereupon, vacated the prior order and denied their motion for summary judgment

dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order dated December 22, 2011, is affirmed, with costs.

To vacate his default in opposing the defendants' motion for summary judgment dismissing the complaint, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see Strunk v Revenge Cab Corp., 98 AD3d 1029, 1030 [2012]; Kohn v Kohn, 86 AD3d 630 [2011]). Here, the plaintiff made the required showing, and thus, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to vacate his default (see Chery v Castello, 87 AD3d 520 [2011]).

Furthermore, upon vacating its prior order granting the defendants' motion for summary judgment dismissing the complaint, and considering the plaintiff's opposition thereto, the Supreme Court properly denied that motion. The plaintiff demonstrated the existence of a triable issue of fact as to whether he sustained serious injuries to the lumbar region of his spine and his right shoulder, under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d), as a result of the subject accident (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.