*792 In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Christopher, J.), dated November 4, 2011, which denied his motion to vacate an order of the same court dated July 8, 2011, granting the defendant’s unopposed motion for an award of counsel fees in the sum of $150,000, and (2) an order of the same court, also dated November 4, 2011, which denied his motion to direct the defendant to turn over to him certain items of personal property.
Ordered that the orders are affirmed, with costs.
To vacate his default in opposing the defendant’s motion for counsel fees, the plaintiff was required to demonstrate a reasonable excuse for his default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Herrera v MTA Bus Co., 100 AD3d 962 [2012]; Infante v Breslin Realty Dev. Corp., 95 AD3d 1075, 1076 [2012]; Rocco v Family Foot Ctr., 94 AD3d 1077, 1079 [2012]; Kohn v Kohn, 86 AD3d 630 [2011]). A motion to vacate a default is addressed to the sound discretion of the court (see Kohn v Kohn, 86 AD3d at 630).
Here, the Supreme Court did not improvidently exercise its discretion in declining to accept the plaintiffs proffered excuse of law office failure, since it was not supported by a “ ‘detailed and credible’ explanation of the default” (Kohn v Kohn, 86 AD3d at 630, quoting Remote Meter Tech, of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1032 [2011]; see Strunk v Revenge Cab Corp., 98 AD3d 1029, 1030 [2012]; Infante v Breslin Realty Dev. Corp., 95 AD3d at 1076-1077). Furthermore, even if the court had accepted the excuse of law office failure, the plaintiff failed to set forth any basis for a finding that he had a potentially meritorious opposition to the motion. The plaintiffs motion papers did not address this prong of the required showing, and his motion was, therefore, properly denied on that ground alone (cf. Herrera v MTA Bus Co., 100 AD3d 962 [2012]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790 [2011]; HSBC Bank USA, N.A. v Roldan, 80 AD3d 566, 567 [2011]).
The Supreme Court also properly denied the plaintiffs motion to direct the defendant to turn over to him certain items of personal property that were determined, in the judgment of divorce, to be his separate property. Those items are the subject of a restraining notice served by the defendant, pursuant to the postjudgment enforcement provisions of CPLR article 52, to enforce a money judgment against the plaintiff (see CPLR 5222; Rozzo v Rozzo, 274 AD2d 53, 55 [2000]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.