In an action, inter alia, to foreclose a mortgage, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Cutrona, J.), dated September 13, 2011, as granted that branch of the motion of the defendants 1158 McDonald, LLC, Sandoony, USA, Inc., XO Bar & Grill, Inc., Israilov Enterprise, Inc., and Ilhanan Israilov which was to vacate their default in opposing the plaintiffs motion for summary judgment, and (2) from so much of an order of the same court dated February 27, 2012, as denied that branch of its motion which was for leave to renew its opposition to those defendants’ motion to vacate their default.
Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
To vacate their default in opposing the plaintiffs motion for summary judgment on the complaint, the moving defendants were required to demonstrate a reasonable excuse for their default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Tsikotis v Pioneer Bldg. Corp., 96 AD3d 936 [2012]; Roche v City of New York, 88 AD3d 978, 979 [2011]; Kohn v Kohn, 86 AD3d 630, 630 [2011]; Casali v Cyran, 84 AD3d 711, 711 [2011]). A motion to vacate a default is addressed to the sound discretion of the Supreme Court (see Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150 [2011]). In exercising that discretion, the trial court may accept law office failure as an excuse (see CPLR 2005), “where the claim of law office failure is supported by a ‘detailed and credible’ explanation of the default” (Kohn v Kohn, 86 AD3d at 630, quoting Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1032 [2011]; Winthrop Univ. Hosp. v Metropolitan Suburban Bus Auth., 78 AD3d 685, 686 [2010]). Here, the moving defendants’ claim of law office failure was supported by a “detailed and credible” explanation of the default. Moreover, the moving defendants demonstrated the existence of a potentially meritorious opposition to the plaintiffs motion. Accordingly, the Supreme Court providently exercised its discretion in vacating their default in opposing the plaintiffs motion for summary judgment.
*659 Furthermore, the Supreme Court properly denied that branch of the plaintiff’s subsequent motion which was for leave to renew, since the new facts offered on the motion would not have changed the prior determination (see Grossman v New York Life Ins. Co., 90 AD3d 990, 992 [2011]; Karten v Alvarez & Son Transp., Inc., 56 AD3d 528 [2008]).
In view of our determination, we need not reach the plaintiffs remaining contention. Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.