■ ALFREDO SANTOS, Appellant, v PENSKE TRUCK LEASING Co. et al., Respondents. [964 NYS2d 207]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated January 17, 2012, which denied the plaintiff's motion, denominated, inter alia, as one for leave to reargue or renew, but which was, in actuality, to vacate a prior order of the same court dated August 19, 2011, granting the defendants' motion for summary judgment dismissing the complaint upon his default in opposing that motion, and thereupon, to deny the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order dated January 17, 2012, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion, denominated, inter alia, as one for leave to reargue or renew, but which was, in actuality, to vacate the order dated August 19, 2011, and thereupon, to deny the defendants' motion for summary judgment dismissing the complaint is granted, the order dated August 19, 2011, is vacated, and the defendants' motion for summary judgment dismissing the complaint is denied.

A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Political Mktg., Int'l, Inc. v Jaliman*, 67 AD3d 661, 661-662 [2009]). "A motion to vacate a default is addressed to the sound discretion of the court" (*Vujanic v Petrovic*, 103 AD3d 791, 792 [2013]).

Here, the plaintiff demonstrated a reasonable excuse for his default in opposing the defendants' motion for summary judgment dismissing the complaint (*see Chery v Castello*, 87 AD3d 520, 520 [2011]; *Political Mktg., Int'l, Inc. v Jaliman*, 67 AD3d at 661-662). The plaintiff also presented competent medical evidence sufficient to establish a potentially meritorious opposition to the defendants' motion (*see* CPLR 5015 [a] [1]; *Chery v Castello*, 87 AD3d at 520; *Political Mktg., Int'l, Inc. v Jaliman*, 67 AD3d at 662).

Furthermore, the plaintiff's submissions were sufficient to defeat the defendants' motion for summary judgment dismissing the complaint. In response to the defendants' prima facie showing of entitlement to judgment as a matter of law, the medical evidence presented by the plaintiff raised a triable issue of fact (*see Cruz v Advanced Concrete Leasing Corp.*, 101 AD3d 666, 667 [2012]).

Accordingly, the Supreme Court should have granted the plaintiff's motion, which was, in actuality, to vacate the order dated August 19, 2011, granting the defendants' motion for summary judgment dismissing the complaint upon the plaintiff's default in opposing that motion, and thereupon, to deny the defendants' motion for summary judgment dismissing the complaint (*see* CPLR 5015 [a] [1]; *Chery v Castello*, 87 AD3d at 520; *Political Mktg., Int'l, Inc. v Jaliman*, 67 AD3d at 662). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.