In an action, inter alia, to recover damages for professional malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated July 3, 2012, which granted that branch of the motion of the defendants Kenny Lee, A.I.A., and Kenny Lee, doing business as Kenny Lee Architects, which was for leave to renew that branch of their prior motion which was pursuant to CPLR 5015 to vacate so much of an order of the same court dated June 21, 2010, as granted the plaintiffs unopposed motion for leave to enter a default judgment against those defendants, which branch was denied in an order dated December 2, 2010, and, upon renewal, in effect, vacated that portion of the order dated December 2, 2010, and thereupon granted that branch of the prior motion of those defendants to the extent of granting them leave to interpose an answer to the complaint and precluding the plaintiff from enforcing a judgment entered August 30, 2011, against those defendants until further order of the court.
Ordered that the order dated July 3, 2012, is affirmed, with costs.
A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e] [2]; Rose v Levine, 98 AD3d 1015 [2012]). However, “[t]he rule is not inflexible, and renewal may be granted in the court’s discretion, in the interest of justice, even on facts that were known to the movant at the time of the original motion” (Eddine v Federated Dept. Stores, Inc., 72 AD3d 487, 487 [2010]; see Adzer v Rudin Mgt. Co., Inc., 50 AD3d 1070 [2008]; Heaven v McGowan, 40 AD3d 583 [2007]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants Kenny Lee, A.I.A., and Kenny Lee, doing business as Kenny Lee Architects (hereinafter together the Lee defendants), which was for leave to renew that branch of their prior motion which was pursuant to CPLR 5015 to vacate so much of a prior order of the same court as granted the plaintiffs unopposed motion for leave to enter a default judgment against the Lee defendants.
Upon renewal, the Supreme Court also properly permitted the Lee defendants to interpose an answer to the complaint and precluded the plaintiff from enforcing the default judgment *737 entered August 30, 2011, pending further order of the court. In moving pursuant to CPLR 5015 (a) (1) to vacate a default, the movant is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Kohn v Kohn, 86 AD3d 630 [2011]; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150 [2011]). The Supreme Court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005). Here, the Lee defendants’ principal affirmed that he retained prior counsel to oppose the plaintiffs motion for leave to enter a default judgment, but that prior counsel nevertheless failed to oppose the motion, which was granted without opposition. Under such circumstances, the Supreme Court providently exercised its discretion in accepting this explanation as an excusable default (see Kohn v Kohn, 86 AD3d at 630; Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030 [2011]; Winthrop Univ. Hosp. v Metropolitan Suburban Bus Auth., 78 AD3d 685 [2010]). The Lee defendants also demonstrated a potentially meritorious defense to the action (see generally Quis v Bolden, 298 AD2d 375 [2002]; see also Citibank, N.A. v Silverman, 85 AD3d 463 [2011]; Estate of Burke v Repetti & Co., 255 AD2d 483 [1998]). In addition, there was no showing of prejudice to the plaintiff from the delay in answering, and no evidence of an intent by the Lee defendants to abandon any defenses to the action.
The plaintiffs remaining contentions are without merit.
Eng, PJ., Balkin, Sgroi and Cohen, JJ., concur.