Lee v Village of Airmont (2018 NY Slip Op 03558)





Lee v Village of Airmont


2018 NY Slip Op 03558


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-11692
 (Index No. 35021/13)

[*1]Tae Young Lee, et al., appellants, 
v
Village of Airmont, et al., defendants, County of Rockland, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Alan B. Brill, P.C., Suffern, NY (Sheila S. Rosenrauch of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), entered October 26, 2015. The order denied the plaintiffs' motion to vacate a prior order of the same court dated June 11, 2015, granting that branch of the motion of the defendant County of Rockland which was for summary judgment dismissing the complaint insofar as asserted against it, upon their failure to oppose that motion, and thereupon to deny that branch of the motion.
ORDERED that the order entered October 26, 2015, is affirmed, with costs.
In September 2013, the plaintiffs commenced this action against the defendants, Village of Airmont, Town of Ramapo, and County of Rockland, to recover damages for personal injuries. The complaint alleged that the car being driven by the plaintiff Tae Young Lee and owned by the plaintiff Hai R. Lee came into contact with a manhole cover near the intersection of Smith Hill Road and Eros Drive in Rockland County.
The County moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not responsible for the subject manhole cover. In support, the County submitted an affidavit from its Superintendent of Highways, as well as deposition testimony from its Director of Plant Facilities, the Village's Clerk/Treasurer, and the Town's Director of Public Works, all of whom stated that the County was not responsible for the manhole cover. In an order dated June 11, 2015, the Supreme Court granted that branch of the County's motion, finding that the County established that it was not responsible for the manhole cover. The court noted that the motion was unopposed.
Two months later, the plaintiffs moved to vacate the order dated June 11, 2015. In support, they submitted their attorney's affirmation, which stated that "[d]ue to the fact that the handling lawyer of this case quit the affirmant's firm, and did not notify anyone that she did not submit the affirmation in opposition to Defendant's motion, the deadline to submit the opposition was missed." In the order appealed from, the Supreme Court denied the plaintiffs' motion, finding, [*2]inter alia, that the plaintiffs failed to establish a reasonable excuse for their default. The plaintiffs appeal.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029; Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661, 661-662). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792).
Here, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate the order dated June 11, 2015. Contrary to the plaintiff's contention, the evidence they submitted failed to establish a reasonable excuse for their default (cf. Brown v Ryder Truck Rental, 172 AD2d 477). In any event, the plaintiffs submitted no evidence to contradict the County's showing that it was not responsible for the maintenance of the subject manhole cover (see generally Kovalsky v Village of Yaphank, 235 AD2d 459, 460). Thus, the plaintiffs failed to demonstrate that they had a potentially meritorious opposition to the motion.
In view of the foregoing, we do not address the plaintiff's remaining contentions.
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court