Ferreira v Singh (2019 NY Slip Op 07237)





Ferreira v Singh


2019 NY Slip Op 07237


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-01576
 (Index No. 6129/12)

[*1]Rita Ferreira, appellant, 
v
Amajeph Singh, et al., respondents.


Popkin & Popkin, LLP, New York, NY (Eric F. Popkin of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Andea E. Ferrucci of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 11, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate an order of the same court entered November 30, 2016, granting the defendants' unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and to restore the matter to the motion calendar.
ORDERED that the order entered December 11, 2017, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were to vacate the order entered November 30, 2016, and to restore the matter to the motion calendar are granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
On September 10, 2010, the plaintiff and the defendant Amajeph Singh were involved in a motor vehicle collision in Queens. The vehicle operated by Singh was owned by the defendant Katoria Taxi Corp. In March 2012, the plaintiff commenced this action against the defendants to recover damages for her personal injuries.
After discovery in which all parties participated, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff failed to oppose the motion, and in an order entered November 30, 2016 (hereinafter the 2016 order), the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, upon the plaintiff's default in opposing the motion. In January 2017, the plaintiff moved to vacate the 2016 order entered upon her default. On March 16, 2017, however, the plaintiff failed to appear in court in support of her motion, and it was marked off the calendar.
In July 2017, the plaintiff moved, inter alia, to vacate the 2016 order entered upon her default in opposing the defendants' motion for summary judgment, to restore the matter to the motion calendar, and thereupon to deny the defendants' motion. In an affirmation in support of the [*2]plaintiff's motion, her counsel stated that the plaintiff's failure to oppose the defendants' motion, as well as the failure to appear in court on her first motion to vacate the 2016 order entered upon the default in opposing the defendants' motion, were attributable to counsel's own personal failure to follow "office policy" concerning the calendaring of motion return dates by which the return dates of the motions were to be noted. In an order entered December 11, 2017, the Supreme Court, among other things, denied those branches of the plaintiff's second motion which were to vacate the 2016 order and to restore the matter to the motion calendar, rejecting, inter alia, the claim of law office failure. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion for summary judgment must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion for summary judgment (see CPLR 5015[a][1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029; Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661, 661-662). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792). Whether an excuse is reasonable is also within the discretion of the court (see Silva v Honeydew Cab Corp., 116 AD3d 691, 692). " In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Arroyo v Starrett City, Inc., 170 AD3d 929, 930, quoting Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 614). Law office failure may qualify as a reasonable excuse for a party's default provided the claim of such failure is supported by a detailed and credible explanation of the default (see Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d 986; Kohn v Kohn, 86 AD3d 630).
Under the circumstance here, the Supreme Court improvidently exercised its discretion in failing to excuse the plaintiff for her default in opposing the defendants' motion for summary judgment and subsequently failing to appear in court on March 16, 2017, in support of her first motion to vacate the 2016 order. The plaintiff's counsel took personal responsibility for setting office policy and admitted that the policy for placing motion dates on the calendar was not properly followed. In addition, the delay between the default in appearing on the first motion to vacate and the filing of the second motion to vacate was brief (cf. TD Bank, N.A. v Spector, 114 AD3d 933, 934 [more than one-year delay in moving to vacate default is unreasonable]), there was no prejudice to the defendants, and despite the failure to calendar the motions, there was no evidence of any intent to abandon the action. Moreover, the plaintiff demonstrated a potentially meritorious opposition to the defendants' motion (see Swensen v MV Transp., Inc., 89 AD3d 924). Under these circumstances, the court should have granted those branches of the plaintiff's second motion which were to vacate the 2016 order and to restore the matter to the motion calendar (cf. Arroyo v Starrett City, Inc., 170 AD3d at 930-931; U.S. Bank, N.A. v Bukobza, 142 AD3d 1070).
Accordingly, we reverse the order entered December 11, 2017, insofar as appealed from and remit the matter to the Supreme Court, Queens County, for a determination on the merits of the defendants' motion for summary judgment, which may, in the court's discretion, require further submissions by the plaintiff and/or the defendants.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court