Nationstar Mtge., LLC v Sobel (2020 NY Slip Op 00153)





Nationstar Mtge., LLC v Sobel


2020 NY Slip Op 00153


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-02933
 (Index No. 29764/12)

[*1]Nationstar Mortgage, LLC, respondent,
v
Lawrence B. Sobel, appellant, et al., defendants.


Fred M. Schwartz, Smithtown, NY, for appellant.
Sandelands Eyet LLP, New York, NY (Evan B. Magnone and Margaret S. Stefanol of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lawrence B. Sobel appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated December 5, 2016. The order denied the motion of the defendant Lawrence B. Sobel pursuant to CPLR 5015(a) to vacate two prior orders of the same court, both dated December 21, 2015, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference.
ORDERED that the order dated December 5, 2016, is affirmed, with costs.
The plaintiff's predecessor in interest commenced this action against, among others, the defendant Lawrence B. Sobel (hereinafter the defendant), to foreclose a mortgage on property owned by the defendant. The defendant answered the complaint. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant failed to oppose the plaintiff's motion. In two orders, both dated December 21, 2015, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff (hereinafter the December 2015 orders). The defendant subsequently moved pursuant to CPLR 5015(a) to vacate the December 2015 orders. By order dated December 5, 2016, the court denied the defendant's motion. The defendant appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion for summary judgment must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029; Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661, 661-662). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]). "While law office failure' may under certain circumstances constitute a reasonable excuse for a default and thus justify the vacatur of a prior determination of the court, there must be detailed allegations of fact which explain the reason for such a failure" (Morris v Metropolitan [*2]Transp. Auth., 191 AD2d 682, 683). Here, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015(a) to vacate the December 2015 orders. The defendant's unsubstantiated and conclusory claim of law office failure and/or neglect by his prior counsel did not constitute a reasonable excuse for his default in opposing the plaintiff's motion, inter alia, for summary judgment (see HSBC Bank USA, N.A. v Coronel, 174 AD3d 689, 689; Capital One, NA v Amid, 174 AD3d 494, 495; LaSalle Bank N.A. v Calle, 153 AD3d 801, 803; One W. Bank, FSB v Valdez, 128 AD3d 655, 655-656). In light of the defendant's failure to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious opposition to the motion (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887; Bank of N.Y. Mellon v Ruci, 168 AD3d 799, 800).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court