CIT Bank, N.A. v Francis (2020 NY Slip Op 06488)





CIT Bank, N.A. v Francis


2020 NY Slip Op 06488


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2018-12308
 (Index No. 16492/08)

[*1]CIT Bank, N.A., etc., respondent, 
v
Paul Francis, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Paul Francis and Geneva Francis appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 13, 2018. The order denied the motion of those defendants, inter alia, pursuant to CPLR 5015(a) to vacate an order of the same court (Yvonne Lewis, J.) dated March 20, 2015, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the first cause of action, and an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) dated January 19, 2016.
ORDERED that the order dated June 13, 2018, is affirmed, with costs.
The plaintiff's predecessor in interest commenced this action against, among others, the defendants Paul Francis and Geneva Francis (hereinafter together the defendants), inter alia, to foreclose a mortgage on property to which the defendants claim a right of ownership. The defendants answered the complaint. In July 2014, the plaintiff moved, inter alia, for summary judgment on the first cause of action and for an order of reference. The defendants failed to oppose the motion, and in an order dated March 20, 2015, the Supreme Court granted the plaintiff's motion on default. In November 2015, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendants, once again, failed to oppose the motion. In an order and judgment of foreclosure and sale dated January 19, 2016, the court granted the plaintiff's motion and directed the sale of the subject property. The defendants subsequently moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated March 20, 2015, and the order and judgment of foreclosure and sale. In an order dated June 13, 2018, the court denied the defendants' motion. The defendants appeal.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029; Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661, 661-662). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]). "While 'law office failure' may under certain circumstances constitute a reasonable excuse for a default and [*2]thus justify the vacatur of a prior determination of the court, there must be detailed allegations of fact which explain the reason for such a failure" (Morris v Metropolitan Transp. Auth., 191 AD2d 682, 683).
We agree with the Supreme Court's determination to deny the defendants' motion, inter alia, pursuant to CPLR 5015(a) to vacate the order dated March 20, 2015, and the order and judgment of foreclosure and sale. The defendants' unsubstantiated and conclusory claim of law office failure was insufficient to demonstrate a reasonable excuse for their default in opposing the plaintiff's motion, inter alia, for summary judgment on the first cause of action and the plaintiff's motion, inter alia, for a judgment of foreclosure and sale (see Nationstar Mtge., LLC v Sobel, 179 AD3d 710; HSBC Bank USA, N.A. v Coronel, 174 AD3d 689; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887). In light of the defendants' failure to establish a reasonable excuse for their default, it is not necessary to determine whether they demonstrated a potentially meritorious opposition to the motions (see Nationstar Mtge., LLC v Sobel, 179 AD3d 710; HSBC Bank USA, N.A. v Coronel, 174 AD3d 689; Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 887).
DILLON, J.P., LEVENTHAL, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court