U.S. Bank N.A. v Pierce (2022 NY Slip Op 01477)





U.S. Bank N.A. v Pierce


2022 NY Slip Op 01477


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-00537
 (Index No. 29537/08)

[*1]U.S. Bank National Association, etc., respondent,
v
Latanya Pierce, appellant, et al., defendants.


Latanya Pierce, Brooklyn, NY, appellant pro se.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Riyaz G. Bhimani of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Latanya Pierce appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), dated November 27, 2018. The order denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate an amended order and judgment of foreclosure and sale (one paper) of the same court dated May 21, 2018, and thereupon, to dismiss the complaint insofar as asserted against her.
ORDERED that the order dated November 27, 2018, is affirmed, without costs or disbursements.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; CIT Bank, N.A. v Francis, 188 AD3d 792, 793). Here, the appellant failed to establish a reasonable excuse for her default in opposing the plaintiff's motion for a judgment of foreclosure and sale, as she failed to substantiate her claim that she was incarcerated and unable to afford an attorney (see CIT Bank, N.A. v Francis, 188 AD3d at 793; see generally Matter of Deyquan M.B. [Lashon H.], 124 AD3d 644, 645). Where, as here, a defendant fails to proffer a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious opposition to the motion (see CIT Bank, N.A. v Francis, 188 AD3d at 793; Nationstar Mtge., LLC v Sobel, 179 AD3d 710, 712).
In any event, since the subject property has been sold, the appellant's equity of redemption has been extinguished and cannot be revived, even by court order, except upon a showing of fraud, collusion, mistake, or misconduct in the sale (see Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882; Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d 476, 477). Since the appellant has not moved to set aside the sale nor pointed to grounds for doing so, this Court has no basis upon which to grant her relief (see Liberty Dabar Assoc. v Mohammed, 183 AD3d at 882).
In light of the foregoing, we need not reach the appellant's remaining contentions.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court