Angulo v Yogi Trans Corp. (2023 NY Slip Op 03899)

Angulo v Yogi Trans Corp.

2023 NY Slip Op 03899

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-09697
 (Index No. 716995/17)

[*1]Maria Angulo, appellant, 
v
Yogi Trans Corp., et al., defendants.

Greenstein & Milbauer, LLP, New York, NY (Diane D. Bernard of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for defendants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated September 8, 2020. The order denied the plaintiff's unopposed motion, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated August 20, 2019, granting the defendants' unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order dated September 8, 2020, is affirmed, without costs or disbursements.
On July 17, 2017, the plaintiff allegedly was injured when a vehicle she was driving was struck by a vehicle operated by the defendant Nurudeen Muudy and owned by the defendant Yogi Trans Corp. In December 2017, the plaintiff commenced this action to recover damages for personal injuries against the defendants. Thereafter, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated August 20, 2019, the Supreme Court granted the defendants' motion, without opposition. The plaintiff then moved, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated August 20, 2019. In an order dated September 8, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
As an initial matter, the Supreme Court improperly denied the plaintiff's motion to vacate the order dated August 20, 2019, on the ground that the plaintiff filed a notice of motion, rather than an order to show cause (see Strunk v Revenge Cab Corp., 98 AD3d 1029, 1030). Nevertheless, in the interest of judicial economy, this Court will decide the motion on the merits (see Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 644; Padarat v New York City Tr. Auth., 175 AD3d 700, 703; Strunk v Revenge Cab Corp., 98 AD3d at 1030).
"A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Logan v 250 Pac., LLC, 210 AD3d 1064, 1066; see CPLR 5015[a][1]). "In making such a determination, the court may excuse delay or default resulting from law office failure" (Logan v 250 Pac., LLC, 210 AD3d at1066).
Here, the plaintiff offered a reasonable excuse for her failure to timely submit opposition papers to the defendants' motion based upon a misunderstanding that the chambers of the Justice assigned to the motion did not require hand-delivery of opposition papers, which had been e-filed by an extended deadline provided by the Justice (see Logan v 250 Pac., LLC, 210 AD3d at 1066; Diamond v Leone, 173 AD3d 686).
However, the plaintiff failed to demonstrate a potentially meritorious opposition to the defendants' motion for summary judgment. In support of their motion for summary judgment, the defendants submitted competent medical evidence establishing, prima facie, that the plaintiff's alleged injuries were degenerative in nature and not caused by the subject accident (see McMahon v Negron, 186 AD3d 593; Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579). On the plaintiff's motion, inter alia, to vacate the order dated August 20, 2019, the plaintiff failed to raise a triable issue of fact as to causation, since the affirmed reports of the plaintiff's doctors failed to address, in a nonconclusory manner, the defendants' expert's conclusion that the plaintiff's injuries were degenerative in nature and not caused by the subject accident (see Henry v Hartley, 119 AD3d 528, 529). Thus, the plaintiff failed to raise a potentially meritorious opposition to the defendants' motion for summary judgment (see Narvaez v City of New York, 171 AD3d 764, 765).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated August 20, 2019.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court