Noga v Duffy (2024 NY Slip Op 04209)

Noga v Duffy

2024 NY Slip Op 04209

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-03047
2021-00418
 (Index No. 549/15)

[*1]Russell Noga, respondent, 
v
Raymond Duffy, appellant.

Law Offices of Sanford F. Young, P.C., New York, NY, for appellant.
Craig T. Bumgarner, P.C., Carmel, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance, the defendant appeals from (1) an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated February 11, 2020, and (2) an order of the same court dated December 16, 2020. The order dated February 11, 2020, insofar as appealed from, denied the defendant's motion for leave to renew his prior motion pursuant to CPLR 5015(a)(1) to vacate, inter alia, a judgment of the same court dated May 9, 2019, which had been denied in an order of the same court dated September 16, 2019. The order dated December 16, 2020, insofar as appealed from, upon renewal, in effect, adhered to the determination in the order dated September 16, 2019, denying the defendant's motion pursuant to CPLR 5015(a)(1) to vacate, inter alia, the judgment.
ORDERED that the appeal from the order dated February 11, 2020, is dismissed, as that order was superseded by the order dated December 16, 2020, made upon renewal; and it is further,
ORDERED that the order dated December 16, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2015, the plaintiff commenced this action, inter alia, to recover damages for private nuisance against the defendant. During discovery, the defendant repeatedly failed to produce certain video recordings that he possessed and that formed the basis of the causes of action asserted in the complaint. The plaintiff moved, among other things, pursuant to CPLR 3126 to strike the defendant's answer. After the defendant failed to produce the video recordings and to appear on the scheduled trial date, the Supreme Court granted that branch of the plaintiff's motion, struck the defendant's answer, and directed an inquest on the issue of damages. Following the inquest, a judgment dated May 9, 2019, was entered in favor of the plaintiff and against the defendant in the total sum of $10,000. In June 2019, the defendant moved pursuant to CPLR 5015(a)(1) to vacate, inter alia, the judgment. In an order dated September 16, 2019, the court denied the defendant's motion.
The defendant moved for leave to renew his prior motion pursuant to CPLR 5015(a) to vacate, inter alia, the judgment. In an order dated February 11, 2020, the Supreme Court, among other things, denied that motion on procedural grounds. The defendant then made, in effect, a second motion for leave to renew his prior motion. In an order dated December 16, 2020, the court [*2]granted that branch of the defendant's second motion which was for leave to renew and, upon renewal, in effect, adhered to its prior determination in the order dated September 16, 2019. The defendant appeals.
A party seeking to vacate an order or judgment entered upon his or her default must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Gellert v Shannon, 215 AD3d 805, 806). Upon renewal, the Supreme Court properly, in effect, adhered to its prior determination in the order dated September 16, 2019, denying the prior motion pursuant to CPLR 5015(a)(1) to vacate, inter alia, the judgment. The defendant failed to proffer a reasonable excuse for repeatedly failing to provide the plaintiff with the video recordings. "While law office failure may under certain circumstances constitute a reasonable excuse for a default and thus justify the vacatur of a prior determination of the court" (CIT Bank, N.A. v Francis, 188 AD3d 792, 793 [internal quotation marks omitted]), the defendant's failure to produce the video recordings was the result of "repeated neglect" (Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d 812, 814 [internal quotation marks omitted]), and the unsubstantiated and conclusory claim of law office failure was insufficient to demonstrate a reasonable excuse (see id.; CIT Bank, N.A. v Francis, 188 AD3d at 793).
The defendant contends that the Supreme Court should have vacated the damages award, which was determined after an inquest upon the defendant's failure to appear on the scheduled trial date. Even assuming that the defendant had a reasonable excuse for failing to appear on the trial date, he did not demonstrate a potentially meritorious defense, and the court properly, in effect, adhered to its prior determination denying the defendant's prior motion pursuant to CPLR 5015(a)(1) to vacate, among other things, the judgment (see CIT Bank, N.A. v Singh, 191 AD3d 758, 759; Best Bldg. & Supply Lbr. Corp. v Mastercraft Homes & Renovations, Inc., 39 AD3d 788, 789).
The defendant's remaining contentions are without merit.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court